**Daniel Almendarez YVANEZ, Appellant,**

v.

**The STATE of Texas.**

No. 720–98.

Court of Criminal Appeals of Texas.

May 12, 1999.

---

Ken D. Lipscombe, Wharton, for appellant.

Josh McCown, DA, Wharton, Matthew Paul, State's Atty., Austin, for the State.

## OPINION

PRICE, J., delivered the unanimous opinion of the Court.

After Appellant pled guilty to four counts of intoxication manslaughter and one count of intoxication assault, the jury sentenced him to forty years[1] in prison and a fine on each count of intoxication manslaughter, and ten years in prison and a fine on the intoxication assault count. The trial court held that the sentences would run concurrently, except for the sentence on the second count of intoxication manslaughter, which would run consecu-

tively. The Court of Appeals affirmed the judgment, but modified it so that count two would run concurrently rather than consecutively. We will modify the judgment of the Court of Appeals to reinstate the consecutive sentence for the second count of intoxication manslaughter, and affirm the decision as modified.

### Facts

Appellant was indicted on four counts of intoxication manslaughter and one count of intoxication assault. Appellant pled guilty to the five counts and asked the jury to assess punishment, pleading "not true" to the allegations of using a deadly weapon. The jury found that appellant had been previously convicted of burglary, and was thus subject to an enhanced sentence; additionally, the jury positively answered the special issue regarding a deadly weapon and assessed appellant's punishment at forty years in prison and a five thousand dollar fine on each count of intoxication manslaughter, and ten years in prison and a five thousand dollar fine on the intoxication assault count. The trial court, in accordance with the jury's verdict, entered judgments against appellant on all five counts. The trial court ordered that the sentences would run concurrently, except the sentence on the second count of intoxication manslaughter, which it ordered would run consecutively to the other four counts.

### Court of Appeals

Appellant raised three separate arguments to the Court of Appeals. First, appellant asserted that the trial court failed to properly admonish him as to the consequences of his guilty plea. Second, appellant argued that the trial court erred in submitting the deadly weapon finding to the jury. Finally, appellant averred that there was a material variance between the indictment and the proof at trial. *See Yvanez v. State*, No. 13–97–300–CR (Tex.

---

1. Appellant's sentence was enhanced due to a previous conviction for burglary.

App.—Corpus Christi December 11, 1997) (not designated for publication).

The Court of Appeals overruled all three of appellant's arguments and affirmed the judgment of the trial court. *See id.* However, in reaching this affirmance, the Court of Appeals determined:

> Regarding the ... "stacking" of sentences, we note that no exception to the "concurrent sentences" rule of Texas Penal Code, section 3.03(a), applies to the instant case. *See* TEX. PENAL CODE ANN. § 3.03 (Vernon 1994 & Supp.1997). Accordingly, the trial court erred by ordering the imprisonment term pursuant to count two to run consecutively.

The Court of Appeals subsequently modified the judgment and ordered that the imprisonment term imposed for count two would run concurrently with the imprisonment terms ordered pursuant to counts one, three, four, and five. *See id.*

### Analysis

■■■ We granted the State's Petition for Discretionary Review[2] to determine if the Court of Appeals properly applied the statutory law to the circumstances presented by this case.[3]

At the time appellant committed the offense, Texas Penal Code § 3.03 provided:

> (a) When the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, a sentence for each offense for which he has been found guilty shall be pronounced. *Except as provided by Subsection (b)*, the sentences shall run concurrently.
>
> (b) If the accused is found guilty of more than one offense arising out of the same criminal episode, *the sentences may run concurrently or consecutively if each sentence is for a conviction of:*
>
> (1) *an offense under Section 49.08 [Intoxication Manslaughter]; or*
>
> (2) *an offense of which a plea agreement was reached in a case in which the accused was charged with more than one offense under Section 49.08.*

TEX. PENAL CODE § 3.03 (West 1994) (amended 1997)[4] (emphasis added). The Court of Appeals found that "no exception to the 'concurrent sentences' rule" applied to the instant case. We disagree. Clearly, appellant's second count of intoxication manslaughter is within the exception delineated by the Legislature in Texas Penal Code § 3.03(b). Thus, it was within the trial court's discretion to sentence appellant consecutively for any of the intoxication manslaughter offenses. However, it was not within the trial court's discretion to sentence the second count consecutively to the fifth count, as that involved intoxication assault and was not encompassed under the statutory exception to the con-

---

**2.** Appellant did not file any brief or response to the State's Petition for Discretionary Review with this Court.

**3.** The two grounds for review were:

(1) Although TEX. PENAL CODE § 3.03(a) states the general rule that sentences for offenses arising out of the same criminal episode prosecuted in a single transaction shall run concurrently, section 3.03(b) contains an exception to this rule: if the offenses are intoxication manslaughter, the sentences may run consecutively. Yvanez was convicted of four counts of intoxication manslaughter and one count of intoxication assault. May intoxication manslaughter convictions run consecutively with each other?

(2) TEX. PENAL CODE § 3.03(b) provides that sentences for convictions arising out of the same criminal episode prosecuted in a single transaction may run consecutively if each sentence is for a conviction of intoxication manslaughter. The trial court's judgment provides that count two (intoxication manslaughter) is to run consecutively with counts one, three, and four (intoxication manslaughter) and with count five (intoxication assault). May intoxication manslaughter counts run consecutively with each other while running concurrently with an intoxication assault count?

**4.** Appellant's offense occurred prior to the amendment's effective date, thus we review this case under the statute applicable when appellant's offense occurred.

current sentence rule. *See* TEX. PENAL
CODE § 3.03 (sentence may run consecu-
tively if *each* sentence is for intoxication
manslaughter).

Therefore, we reform the judgment of
the Court of Appeals and order that counts
one, three and four (involving separate
intoxication manslaughter convictions) and
count five (involving a separate intoxi-
cation assault conviction) will run concur-
rently, while count two (involving a sepa-
rate intoxication manslaughter conviction)
will run consecutively to counts one, three
and four. *See* TEX.R.APP. P. 78.1(b) (Court
of Criminal Appeals may modify lower
court's judgment and affirm it as modi-
fied).

For the foregoing reasons, we affirm the
Court of Appeals judgment as modified.