NO. 07-07-0325-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JULY 9, 2009
______________________________

AMBROSIO VALERO DELEON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 106TH DISTRICT COURT OF LYNN COUNTY;

NO. 05-2773; HONORABLE CARTER T. SCHILDKNECHT, JUDGE
_______________________________


Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
OPINION
          Appellant Ambrosio DeLeon was prosecuted for offenses during a criminal episode
spanning eight years and comprising aggravated sexual assault, sexual assault, and
indecency with a child. After a jury finding of guilty, he received concurrent sentences of
imprisonment for offenses committed before September 1, 1997, and consecutive
sentences of imprisonment for offenses committed after that date. In a single issue,
appellant challenges the trial court’s application of sentencing rules. We will affirm the trial
court’s judgments.
Background
          A twenty-count indictment charged appellant with indecency with a child, sexual
assault, and aggravated sexual assault. Appellant’s daughter was the victim of all the
offenses. She was born July 15, 1983, and the last offense charged occurred on or about
July 1, 2000. Trial resulted in appellant’s acquittal on two counts and a mistrial on the
remaining counts. On retrial, the jury convicted appellant of the sixteen counts tried and
for each assessed a sentence of confinement in prison.


 The court ordered that
appellant’s sentences in counts two through seven and nine through twelve run
concurrently. It imposed consecutive sentencing for counts fourteen through nineteen. It
cumulated the sentence of court fourteen so that service will not begin until appellant
discharges the sentences imposed in counts two through seven and nine through twelve. 
Under the trial court’s judgment, therefore, the sentences for the six latter counts not only
run consecutively to each other but run consecutively to the concurrent sentences for the
ten earlier counts. The practical consequence is that the consecutive sentences will not
begin until appellant completes the 99-year sentence imposed for count nine. 
                                                                                                 Issue
          Appellant’s single issue asks: “Can the trial court stack Counts with dates of
offenses prior to 9-1-97 (Counts 2-12) on top of the Counts with dates of offenses after 9-1-[9]7 under Penal Code 3.03?”
Discussion
          Generally, a defendant has no right to serve sentences imposed for different
offenses concurrently; rather, the decision to cumulate sentences lies within the discretion
of the trial court. Coleman v. State, 898 S.W.2d 327, 329 (Tex.App.–Tyler 1993) aff’d, 897
S.W.2d 319 (Tex.Crim.App. 1995); see Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon
2006). This discretion is absolute so long as cumulative sentencing is authorized by law. 
Nicholas v. State, 56 S.W.3d 760, 764-65 (Tex.App.–Houston [14th Dist.] 2001, pet.
refused) (noting, as a practical matter, an abuse of discretion occurs in sentencing for
multiple offenses only if the trial court imposes consecutive sentences where the law
requires concurrent sentences, where the court imposes concurrent sentences but the law
requires consecutive ones, or where the court otherwise fails to observe the statutory
requirements pertaining to sentencing); accord Revels v. State, No. 05-07-01555-CR, 2008
WL 5177374, at *8 (Tex.App.–Dallas Dec. 11, 2008, no pet. h.). See also Beedy v. State,
250 S.W.3d 107, 110 (Tex.Crim.App. 2008) (“when a trial judge lawfully exercises the
option to cumulate, that decision is unassailable on appeal”); Barrow v. State, 207 S.W.3d
377, 380-81 (Tex.Crim.App. 2006) (discussing trial court’s discretionary decision whether
to cumulate sentences). 
          But when multiple offenses arising out of the same criminal episode are
consolidated for a single trial,


 and the defendant is found guilty of more than one offense,
Penal Code section 3.03(a) provides a limit on the trial court’s discretion to cumulate the
sentences. Tex. Penal Code Ann. § 3.03(a) (Vernon Supp. 2008); see Millslagle v. State,
150 S.W.3d 781, 784 (Tex.App.–Austin 2004, pet. dismissed) (referring to § 3.03(a) as an
exception to the rule allowing trial court discretion). Until 1995, section 3.03 required
sentences for multiple offenses prosecuted in a single trial to run concurrently. Owens v.
State, 96 S.W.3d 668, 671 (Tex. App.–Austin 2003, no pet.). In that year, the legislature
amended section 3.03 to restore the trial court’s discretion to impose consecutive
sentences for multiple intoxication manslaughter convictions resulting from a single trial. 
Act of May 26, 1995, 74th Leg., R.S., ch. 596, § 1, 3435, 3435 (current version at Tex.
Penal Code Ann. § 3.03(b)(1) (Vernon Supp. 2008)); Yvanez v. State, 991 S.W.2d 280
(Tex.Crim.App. 1999). And in 1997, the legislature further amended section 3.03 to add
some sexual offenses committed against a victim younger than seventeen to the list of
offenses subject to consecutive sentencing when there are multiple convictions in a single
trial. Those offenses include indecency with a child, sexual assault, and aggravated sexual
assault. Act of May 31, 1997, 75th Leg., R.S., ch. 667, § 2, 2250, 2251 (current version
at Tex. Penal Code Ann. § 3.03(b)(2)(A) (Vernon Supp. 2008));


 Owens, 96 S.W.3d at 671. 
Thus, for offenses listed in section 3.03(b), the trial court in its discretion may rightly order
commencement of the second sentence after completion of the first sentence. See
Millslagle, 150 S.W.3d at 784-85 (describing § 3.03(b) as creating an exception to the
section 3.03(a) exception).
          This case presents the issue of the trial court’s discretion with regard to consecutive
sentencing when section 3.03(b) offenses committed after the effective date of the 1997
amendment are tried together with such offenses committed before the effective date. 
Under the trial court’s judgment, none of appellant’s sentences for the six offenses
committed after September 1, 1997 will begin to run until he completes his sentences for
all ten offenses committed before that date. Appellant would have us hold that his
sentences for the six post-September 1, 1997 offenses may run consecutively with each
other, but they must begin immediately following trial. The State argues the trial court
acted within its discretion to postpone the beginning of service of those sentences until the
completion of the eight concurrent sentences for the earlier offenses. 
          The parties do not cite nor do we find a decision that squarely addresses the issue
appellant presents.


 Appellant argues Ponce v. State, 89 S.W.3d. 110 (Tex.App.–Corpus
Christi 2002, no pet.), is instructive, but we disagree. In Ponce the defendant was
convicted on nine counts of aggravated sexual assault of a child, sexual assault of a child,
and indecency with a child. The offenses occurred between 1994 and 2001 and included
four counts of indecency with a child occurring before September 1, 1997. On the latter
four counts, the defendant was sentenced consecutively. Id. at 114. It was held the
appellant waived an issue complaining of improper cumulative sentencing for failure to
object in the trial court. Id. at 114-15. The appellate court, however, sustained the
appellant’s issue complaining that the cumulative sentencing scheme violated the
prohibition of ex post facto laws and modified the judgment by deleting the cumulation
order of the four counts whose underlying offenses occurred before September 1, 1997. 
Id. at 121. Here, the court ordered appellant’s sentences for conduct predating September
1, 1997, run concurrently and his sentences for conduct occurring after September 1,
1997, run consecutively. Ponce is, therefore, inapposite.
          We think the answer to the question presented is found in the statutory language
establishing the effective date of the 1997 amendment to section 3.03. As the Court of
Criminal Appeals pointed out in Bahena, 195 S.W.3d at 705, the legislature used different
“effective date” language in the 1995 and 1997 amendments. The legislature made the
1995 amendment, permitting consecutive sentences for multiple intoxication manslaughter
convictions, applicable only if each offense joined for trial was committed on or after the
amendment’s effective date, September 1, 1995.


 The effective date language of the 1997
amendment does not contain such a provision. The 1997 statute simply stated that its
change in law applies only to “an offense committed on or after” its effective date,
September 1, 1997, and that offenses committed before that date are subject to the law
in effect when the offense was committed. Act of May 31, 1997, 75th Leg., R.S., ch. 667,
§§ 7, 8, 2250, 2252-53. 
          Appellant would have the judgments reformed so that sentences for offenses
committed after September 1, 1997, although each running consecutively, begin to run
concurrently with the sentences for offenses committed before September 1, 1997. Thus
under appellant’s argument, if a case involved only two section 3.03(b) offenses, one
committed before September 1, 1997, the other after that date, concurrent sentencing
would be required. The result appellant seeks effectively reads into the 1997 legislation
a provision like the 1995 amendment, limiting its application to criminal episodes consisting
only of offenses committed after September 1, 1997. 
          In construing a statute, we must give effect to the plain meaning of the text unless
the text is ambiguous or the plain meaning would lead to absurd results. Parfait v. State,
120 S.W.3d 348, 349 (Tex.Crim.App. 2003). A statute is ambiguous when it is capable of
being understood by reasonably well-informed persons in two or more different senses. 
See Teleprofits of Tex., Inc. v. Sharp, 875 S.W.2d 748, 750 (Tex.App.–Austin 1994, no
writ) (citing 2A Norman J. Singer, Sutherland Statutory Construction § 45.02, at 6 (5th ed.
1992)). Appellant does not claim ambiguity in the statutory provisions, and we see none.
Nor do we see that giving effect to their plain meaning leads to absurd results. As
amended in 1997, section 3.03 required concurrent sentencing for appellant’s offenses
committed before September 1, 1997, and gave the trial court discretion to cumulate
sentences for his offenses committed after that date. The trial court ordered each
sentence for offenses committed before September 1, 1997, run concurrently. For the
violations of Penal Code sections 21.11, 22.011, and 22.021 by appellant against his
daughter occurring after September 1, 1997, and while his daughter was under age
seventeen, the court exercised the discretion granted by section 3.03(b)(2)(A) by imposing
consecutive sentences. The court’s cumulation order complies with the plain meaning of
the statute. Nothing in the statutory language prohibits the manner in which the trial court
elected to cumulate appellant’s sentences for his post-September 1, 1997 offenses. See
Salazar v. State, 127 S.W.3d 355, 363-64 (Tex. App.–Houston [14th Dist.] 2004, pet.
refused) (applying plain language of section 3.03(b)); Nicholas, 56 S.W.3d at 764-65 (trial
court’s discretion absolute if cumulation authorized by law); Kuhn v. State, 45 S.W.3d 207,
209-10 (Tex.App.–Texarkana 2001, no pet.) (finding no legislative intent to prohibit
consecutive sentencing under circumstances there presented). 
          Yvanez, 991 S.W.2d at 280, does not require a contrary conclusion. There, after
the appellant plead guilty to four counts of intoxication manslaughter and one of
intoxication assault, the jury sentenced him to confinement for forty years for each
intoxication manslaughter count and for ten years for the intoxication assault count. The
trial court ordered all the sentences to run concurrently except for that on the second count
of intoxication manslaughter, which it ordered to run consecutively to the other four counts. 
The court of appeals modified the judgment to provide all five sentences would run
concurrently. Id. at 282. Disagreeing with the court of appeals, the Court of Criminal
Appeals held the trial court was within its discretion to order Yvanez to serve consecutive
sentences for any of the intoxication manslaughter offenses. The court held, however, the
trial court had no discretion to order an intoxication manslaughter sentence to run
consecutively to a sentence for intoxication assault. Id. at 282-83. It modified the trial
court’s judgment to provide the sentence for the second count of intoxication manslaughter
would run consecutively only to the three other intoxication manslaughter sentences. 
          The Court of Criminal Appeals modified the trial court’s judgment in Yvanez because
intoxication assault was not then an enumerated offense under section 3.03(b), and the
trial court’s cumulation of a sentence for intoxication manslaughter with one for intoxication
assault violated the language of section 3.03(b) that sentences may run consecutively if
“each sentence” is for a conviction of one of the enumerated offenses. 991 S.W.2d at 282-83.


 By contrast, all of the offenses for which appellant was convicted were among the
enumerated offenses at the time of his sentencing. Yvanez is for that reason
distinguishable. 
          Without expressly assigning error, appellant argues the trial court’s sentencing
violates the constitutional prohibition of ex post facto laws. If appellant intended to raise
this claim as an issue on appeal it is not briefed according to the requirement of appellate
rule 38. Tex. R. App. P. 38.1(h). But even were the issue properly before us we could not
agree with appellant’s assertion. 
          Both the United States and Texas Constitutions prohibit the State from applying an
ex post facto law. U.S. Const. art. I, § 10, cl. 1; Tex. Const. art. I, § 16. A reviewing court
interprets the prohibition in the Texas Constitution against ex post facto laws as
synonymous with the prohibition of the Untied States Constitution against such laws. 
Grimes v. State, 807 S.W.2d 582, 586 (Tex.Crim.App. 1991). An ex post facto law (1)
punishes as a crime an act previously committed which was innocent when done, (2)
changes the punishment and inflicts a greater punishment than the law attached to a
criminal offense when committed, or (3) deprives a person charged with a crime of any
defense available at the time the act was committed. Collins v. Youngblood, 497 U.S. 37,
42-43, 110 S.Ct. 2715, 2719, 111 L.Ed.2d 30 (1990); Ex parte Hallmark, 883 S.W.2d 672,
674 (Tex.Crim.App. 1994). Appellant’s complaint implicates the second definition,
concerning punishment. A court engaged in such an ex post facto analysis is singularly
concerned with whether the statute in question assigns more severe criminal or penal
consequences to an act than did the law in place when the act occurred. Grimes, 807
S.W.2d at 587. The act at issue is the conduct leading to the current criminal charge.
Jordan v. State, 56 S.W.3d 326, 332 (Tex.App.–Houston [1st Dist.] 2001, pet. refused.).
          For offenses committed before September 1, 1997, the trial court ordered that each
of appellant’s resulting sentences run concurrently, as required by section 3.03(a). For
offenses committed after September 1, 1997, the court acted within the discretion granted
by section 3.03(b)(2)(A) by imposing consecutive sentencing. The court did not attach a
greater punishment to the conduct offenses of appellant than the statutory provision
existing when the conduct occurred. There was no ex post facto violation.
          Finding no abuse of discretion in the trial court’s sentencing of appellant, we
overrule appellant’s single issue on appeal. Having overruled appellant’s issue, we affirm
the judgment of the trial court.
 
                                                                           James T. Campbell
                                                                                      Justice
Publish.