NUMBER 13-09-612-CR


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG 

 


IN RE: ARLEN RAY TENBERG

 


On Petition for Writ of Mandamus.

 


MEMORANDUM OPINION


Before Justices Yañez, Benavides, and Vela

Memorandum Opinion by Justice Vela


 Relator, Arlen Ray Tenberg, pro se, filed a motion for leave to file original
application for writ of mandamus, (1) alleging that respondent, the Honorable Robert C. Cheshire, presiding judge of the 24th
Judicial District Court of DeWitt County, Texas, abused his discretion in failing to rule on
relator's motion, (2) which asserted respondent improperly cumulated his sentences for
intoxication manslaughter and intoxication assault. We deny relief.

I. Procedural History

 Relator was indicted for intoxication manslaughter, a second-degree felony (trial
court cause no. 05-07-10,230), see Tex. Penal Code Ann. § 49.08(a), (b) (Vernon
Supp. 2009), and he was indicted for intoxication assault, a third-degree felony (trial
court cause no. 05-07-10,231). See id. § 49.07(a), (c). The indictments alleged that
both offenses occurred on or about June 10, 2005. On April 20, 2006, relator pleaded
nolo contendere to the offense of intoxication manslaughter and was sentenced to
twelve years' imprisonment. (3) On that same date and pursuant to a plea-bargain
agreement, he pleaded nolo contendere to the offense of intoxication assault. 
Respondent sentenced him to ten years' imprisonment, suspended the term of
incarceration, and placed him on ten years' community supervision, plus a $1,500 fine
and 300 hours of community service. The judgment stated, in relevant part: "This
sentence shall run CONSECUTIVE TO THE CASE AS SET FORTH BELOW." 
(emphasis in original). Page four of this judgment (4) stated, in relevant part: "The Court
orders that the sentence SUSPENDED in this cause shall run consecutively and shall
begin WHEN THE JUDGMENT AND SENTENCE in the following case; 05-07-10,230,
Intoxication Manslaughter, DeWitt County, Texas, 12 YEARS TDCJ SENTENCED ON
APRIL 20, 2006; SHALL HAVE CEASED TO OPERATE." (emphasis in original).

 On August 27, 2009, relator filed a pro se motion, (5) arguing that although he
"pleaded nolo contendere to each offense and was convicted and sentenced, in
accordance with a plea bargain agreement in which he specifically accepted the
imposition of consecutive sentences in a single criminal action at which the trial Court
[sic] accepted as a valid waiver of his right to concurrent sentences[,]" a defendant may
not by agreement render legal a punishment that is not otherwise authorized by law. To
this date, respondent has not ruled on this motion. 

II. Discussion

 In a single issue, relator contends the respondent abused his discretion in failing
to rule on his motion, which asserted respondent improperly cumulated his sentences
for intoxication manslaughter and intoxication assault.

A. Standard of Review

 The standard for mandamus relief articulated by the court of criminal appeals
requires the relator to establish that: 1) "he has no adequate remedy at law to redress
his alleged harm[;]" and 2) "he must show that what he seeks to compel is a ministerial
act, not involving a discretionary or judicial decision." State ex rel Young v. Sixth
Judicial Dist. Court of Appeals at Texarkana, 236 S.W.3d 207, 210 (Tex. Crim. App.
2007) (citing De Leon v. Aguilar, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004)). The latter
requirement "is satisfied if the relator can show he has 'a clear right to the relief
sought'-that is to say, 'when the facts and circumstances dictate but one rational
decision' under unequivocal, well-settled (i.e., from extant statutory, constitutional, or
case law sources), and clearly controlling legal principles." Id. (quoting Buntion v.
Harmon, 827 S.W.2d 945, 947, 948 n.2 (Tex. Crim. App. 1992)) (6) (emphasis in original). 
If the relator fails to meet either requirement of this two-part test, then relief should be
denied. Id.

B. Applicable Law

 Generally, an accused has no right to concurrently serve sentences imposed for
different offenses; rather, the decision to cumulate sentences lies within the trial court's
discretion. DeLeon v. State, 294 S.W.3d 742, 745 (Tex. App.-Amarillo 2009, no pet.);
see Tex. Code Crim. Proc. Ann. art. 42.08(a) (Vernon 2006). This discretion is
absolute so long as the law authorizes cumulative sentencing. DeLeon, 294 S.W.3d at
745. However, when multiple offenses arising out of the same criminal episode are
consolidated for a single trial, and the accused is found guilty of more than one offense,
section 3.03(a) of the penal code provides a limit on the trial court's discretion to
cumulate the sentences. Id.; see Tex. Penal Code Ann. § 3.03(a) (Vernon Supp.
2009). Until 1995, section 3.03 required sentences for multiple offenses prosecuted in a
single trial to run currently. DeLeon, 294 S.W.3d at 745. That year, the legislature
amended section 3.03 to restore the trial court's discretion to impose consecutive
sentences for multiple intoxication manslaughter convictions resulting from a single
trial. (7) Yvanez v. State, 991 S.W.2d 280, 282 (Tex. Crim. App. 1999); see Tex. Penal
Code Ann. § 3.03(b)(1) (Vernon Supp. 2009).

 In Yvanez, the court of criminal appeals held that a trial court had no discretion to
order an intoxication-manslaughter sentence to run consecutively to a sentence for
intoxication assault. 991 S.W.2d at 282-83. The court of criminal appeals reformed the
trial court's judgment in Yvanez because intoxication assault was not then an
enumerated offense under section 3.03(b), and the trial court's cumulation of a
sentence for intoxication manslaughter with one for intoxication assault violated the
language of section 3.03(b) that sentences may run consecutively if "each sentence" is
for a conviction of one of the enumerated offenses. Id. Effective September 1, 2005,
the legislature amended section 3.03(b) to add intoxication assault to the enumerated
offenses. Act of May 23, 2005, 79th Leg., R.S., ch. 527, §§ 1, 3, & 4, 1429, 1429-30
(current version at Tex. Penal Code Ann. § 3.03(b)(1)(A) (Vernon Supp. 2009)). (8) Thus,
for offenses listed in section 3.03(b), the trial court, in its discretion, may order
commencement of the second sentence after completion of the first sentence. DeLeon,
294 S.W.3d at 745. (9)

 Relator contends that because the offenses for which he was sentenced
occurred prior to the effective date of the 2005 amendment to section 3.03(b), the law
did not authorize the respondent to cumulate his sentences. Even if this argument is
correct, relator still faces an obstacle to relief from the cumulation order. In Ex parte
McJunkins, the applicant pleaded guilty and was sentenced in accordance with a plea-bargain agreement in which he specifically accepted the imposition of consecutive
sentences in a single-criminal action. 954 S.W.2d 39, 41 (Tex. Crim. App. 1997) (op. on
reh'g). The court held that applicant's "decisions not to request a severance, and to
accept the imposition of consecutive sentences imposed in a single criminal action for
two offenses arising out of the same criminal episode, were valid waivers of his right to
concurrent sentences." Id. Here, relator stated in his pro se motion that he "pleaded
nolo contendere to each offense and was convicted and sentenced, in accordance with
a plea bargain agreement in which he specifically accepted the imposition of
consecutive sentences in a single criminal action at which the trial Court [sic] accepted
as a valid waiver of his right to concurrent sentences . . . ."

 Nevertheless, assuming without deciding that respondent improperly cumulated
relator's sentences, an improper cumulation of sentences is subject to habeas corpus
relief. Ex parte Vasquez, 712 S.W.2d 754, 754 (Tex. Crim. App. 1986). The habeas
corpus procedure set out in article 11.07 of the Texas Code of Criminal Procedure
provides the exclusive remedy for felony post-conviction relief in state court. Tex. Code
Crim. Proc. Ann. art. 11.07, § 5 (Vernon Supp. 2009); Bd. of Pardons & Paroles ex rel.
Keene v. Court of Appeals for the Eighth Dist., 910 S.W.2d 481, 484 (Tex. Crim. App.
1995); Ex parte Brown, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983) (per curiam). If the
habeas corpus applicant is held by virtue of a final conviction in a felony case, the writ is
returnable to the Texas Court of Criminal Appeals. Tex. Code Crim. Proc. Ann. art.
11.07, § 3(a); Brown, 662 S.W.2d at 4. There is no role for the courts of appeals in the
procedure under article 11.07. Tex. Code Crim. Proc. Ann. art. 11.07, § 3; see Ater v.
Eighth Court of Appeals, 802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig.
proceeding) (stating that only the court of criminal appeals has jurisdiction over state
post-conviction felony proceedings). 

 "A sentence unauthorized by law is fundamental error, rendering the sentence
void." Harvill v. State, 13 S.W.3d 478, 482 (Tex. App.-Corpus Christi 2000, no pet.). 
The court of criminal appeals has "long held that a claim of an illegal sentence is
cognizable on a writ of habeas corpus. Ex parte Rich, 194 S.W.3d 508, 511 (Tex. Crim.
App. 2006) (citing cases). 

C. Analysis

 Tenberg's motion for leave to file original application for writ of mandamus fails to
demonstrate that his rights to obtain a remedy by a writ of habeas corpus were
inadequate to address the error he now asserts. Accordingly, he has failed to satisfy
the first requirement of the criminal-mandamus standard, i.e., that there is no adequate
remedy at law to redress the alleged harm. See State ex rel Young, 236 S.W.3d at 210. 
Petition for writ of habeas corpus is generally an adequate remedy that will preclude
mandamus relief. In re Piper, 105 S.W.3d 107, 109 (Tex. App.-Waco 2003, orig
proceeding); see Banales v. Court of Appeals for the Thirteenth Judicial Dist., 93
S.W.3d 33, 36 (Tex. Crim. App. 2002) (orig. proceeding). Accordingly, we overrule the
sole issue for review.

III. Conclusion

 We deny mandamus relief. 

 

 ROSE VELA 

 Justice



Do not publish.

Tex. R. App. P. 47.2(b).


Delivered and filed the 14th

day of January, 2010.


 
1. [1]The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave in an
original proceeding. See generally Tex. R. App. P. 52 & cmt.
2. [2]The appellate record includes a copy of this motion.
3. [3]The appellate record does not include a copy of the judgment pertaining to the intoxication-manslaughter
offense. Relator's assertion that he pleaded nolo contendere to this offense is gleaned from his motion,
which asserts that respondent improperly cumulated his sentences. The term of imprisonment and date of
sentence for this offense is obtained from the judgment pertaining to the intoxication-assault offense.
4. [4]The last page of this judgment is not included in the record before us.
5. [5]This motion, which is included in the appellate record, is entitled "MOTION TO CORRECT AN
UNAUTHORIZED ORDER OF CONSECUTIVE SENTENCES OF JURISDICTIONAL DEFECT AND
ABUSE OF DISCRETION BY THE TRIAL COURT." 
6. [6]Put another way, "an act may be regarded as 'ministerial' when the facts are undisputed and, given those
undisputed facts, 'the law clearly spells out the duty to be performed . . . with such certainty that nothing is
left to the exercise of discretion or judgment.'" State ex rel Healey v. McMeans, 884 S.W.2d 772, 774
(Tex. Crim. App. 1994) (quoting Texas Dep't of Corrections v. Dalehite, 623 S.W.2d 420, 424 (Tex. Crim.
App. 1981)).
7. [7]See Act of May 26, 1995, 74th Leg., R.S., ch. 596, § 1, 3435, 3435 (current version at Tex. Penal Code
Ann. § 3.03(b)(1) (Vernon Supp. 2009)).
8. [8]Section 3.03(b)(1)(A) provides:


(b) If the accused is found guilty of more than one offense arising out of the same criminal
episode, the sentences may run concurrently or consecutively if each sentence is for a
conviction of:


(1) an offense:

 (A) under Section 49.07 or 49.08, regardless of whether the accused is convicted
of violations of the same section more than once or is convicted of violations of both
sections; . . . .


Tex. Penal Code Ann. § 3.03(b)(1)(A). Sections 49.07 and 49.08 refer intoxication assault and
intoxication manslaughter, respectively.
9. [9]See also Gonzalez v. State, Nos. 04-08-00156-158-CR, 2009 WL 222159, at *1 (Tex. App.-San Antonio
Jan. 28, 2009, pet. ref'd) (mem. op., not designated for publication) (holding that "an express statutory
exception permits the sentences to run consecutively for intoxication manslaughter and intoxication
assault offenses.").