

**NUMBER 13-09-612-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**IN RE: ARLEN RAY TENBERG**

**On Petition for Writ of Mandamus.**

# MEMORANDUM OPINION

**Before Justices Yañez, Benavides, and Vela**
**Memorandum Opinion by Justice Vela**

Relator, Arlen Ray Tenberg, pro se, filed a motion for leave to file original application

for writ of mandamus,[1] alleging that respondent, the Honorable Robert C. Cheshire,

presiding judge of the 24th Judicial District Court of DeWitt County, Texas, abused his

---

[1]The Texas Rules of Appellate Procedure no longer require the relator to file a motion for leave in an original proceeding. *See generally* TEX. R. APP. P. 52 & cmt.

discretion in failing to rule on relator's motion,[2] which asserted respondent improperly cumulated his sentences for intoxication manslaughter and intoxication assault. We deny relief.

## I. PROCEDURAL HISTORY

Relator was indicted for intoxication manslaughter, a second-degree felony (trial court cause no. 05-07-10,230), *see* TEX. PENAL CODE ANN. § 49.08(a), (b) (Vernon Supp. 2009), and he was indicted for intoxication assault, a third-degree felony (trial court cause no. 05-07-10,231). *See id*. § 49.07(a), (c). The indictments alleged that both offenses occurred on or about June 10, 2005. On April 20, 2006, relator pleaded nolo contendere to the offense of intoxication manslaughter and was sentenced to twelve years' imprisonment.[3] On that same date and pursuant to a plea-bargain agreement, he pleaded nolo contendere to the offense of intoxication assault. Respondent sentenced him to ten years' imprisonment, suspended the term of incarceration, and placed him on ten years' community supervision, plus a $1,500 fine and 300 hours of community service. The judgment stated, in relevant part: "This sentence shall run CONSECUTIVE TO THE CASE AS SET FORTH BELOW." (emphasis in original). Page four of this judgment[4] stated, in relevant part: "The Court orders that the sentence SUSPENDED in this cause shall run

---

[2]The appellate record includes a copy of this motion.

[3]The appellate record does not include a copy of the judgment pertaining to the intoxication-manslaughter offense. Relator's assertion that he pleaded nolo contendere to this offense is gleaned from his motion, which asserts that respondent improperly cumulated his sentences. The term of imprisonment and date of sentence for this offense is obtained from the judgment pertaining to the intoxication-assault offense.

[4]The last page of this judgment is not included in the record before us.

2

consecutively and shall begin WHEN THE JUDGMENT AND SENTENCE in the following case; 05-07-10,230, Intoxication Manslaughter, DeWitt County, Texas, 12 YEARS TDCJ SENTENCED ON APRIL 20, 2006; SHALL HAVE CEASED TO OPERATE." (emphasis in original).

On August 27, 2009, relator filed a pro se motion,[5] arguing that although he "pleaded nolo contendere to each offense and was convicted and sentenced, in accordance with a plea bargain agreement in which he specifically accepted the imposition of consecutive sentences in a single criminal action at which the trial Court [sic] accepted as a valid waiver of his right to concurrent sentences[,]" a defendant may not by agreement render legal a punishment that is not otherwise authorized by law. To this date, respondent has not ruled on this motion.

## II. DISCUSSION

In a single issue, relator contends the respondent abused his discretion in failing to rule on his motion, which asserted respondent improperly cumulated his sentences for intoxication manslaughter and intoxication assault.

*A. Standard of Review*

The standard for mandamus relief articulated by the court of criminal appeals requires the relator to establish that: 1) "he has no adequate remedy at law to redress his alleged harm[;]" and 2) "he must show that what he seeks to compel is a ministerial act, not

---

[5]This motion, which is included in the appellate record, is entitled "MOTION TO CORRECT AN UNAUTHORIZED ORDER OF CONSECUTIVE SENTENCES OF JURISDICTIONAL DEFECT AND ABUSE OF DISCRETION BY THE TRIAL COURT."

3

involving a discretionary or judicial decision." *State ex rel Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (citing *De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004)). The latter requirement "is satisfied if the relator can show he has 'a *clear* right to the relief sought'–that is to say, 'when the facts and circumstances dictate but one rational decision' under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id*. (quoting *Buntion v. Harmon*, 827 S.W.2d 945, 947, 948 n.2 (Tex. Crim. App. 1992))[6] (emphasis in original). If the relator fails to meet either requirement of this two-part test, then relief should be denied. *Id*.

*B. Applicable Law*

Generally, an accused has no right to concurrently serve sentences imposed for different offenses; rather, the decision to cumulate sentences lies within the trial court's discretion. *DeLeon v. State*, 294 S.W.3d 742, 745 (Tex. App.–Amarillo 2009, no pet.); *see* TEX. CODE CRIM. PROC. ANN. art. 42.08(a) (Vernon 2006). This discretion is absolute so long as the law authorizes cumulative sentencing. *DeLeon*, 294 S.W.3d at 745. However, when multiple offenses arising out of the same criminal episode are consolidated for a single trial, and the accused is found guilty of more than one offense, section 3.03(a) of the penal code provides a limit on the trial court's discretion to cumulate the sentences. *Id*.;

---

[6]Put another way, "an act may be regarded as 'ministerial' when the facts are undisputed and, given those undisputed facts, 'the law clearly spells out the duty to be performed . . . with such certainty that nothing is left to the exercise of discretion or judgment.'" *State ex rel Healey v. McMeans*, 884 S.W.2d 772, 774 (Tex. Crim. App. 1994) (quoting *Texas Dep't of Corrections v. Dalehite*, 623 S.W.2d 420, 424 (Tex. Crim. App. 1981)).

*see* TEX. PENAL CODE ANN. § 3.03(a) (Vernon Supp. 2009). Until 1995, section 3.03 required sentences for multiple offenses prosecuted in a single trial to run currently. *DeLeon*, 294 S.W.3d at 745. That year, the legislature amended section 3.03 to restore the trial court's discretion to impose consecutive sentences for multiple intoxication manslaughter convictions resulting from a single trial.[7] *Yvanez v. State*, 991 S.W.2d 280, 282 (Tex. Crim. App. 1999); *see* TEX. PENAL CODE ANN. § 3.03(b)(1) (Vernon Supp. 2009).

In *Yvanez*, the court of criminal appeals held that a trial court had no discretion to order an intoxication-manslaughter sentence to run consecutively to a sentence for intoxication assault. 991 S.W.2d at 282-83. The court of criminal appeals reformed the trial court's judgment in *Yvanez* because intoxication assault was not then an enumerated offense under section 3.03(b), and the trial court's cumulation of a sentence for intoxication manslaughter with one for intoxication assault violated the language of section 3.03(b) that sentences may run consecutively if "each sentence" is for a conviction of one of the enumerated offenses. *Id*. Effective September 1, 2005, the legislature amended section 3.03(b) to add intoxication assault to the enumerated offenses. Act of May 23, 2005, 79th Leg., R.S., ch. 527, §§ 1, 3, & 4, 1429, 1429-30 (current version at TEX. PENAL CODE ANN. § 3.03(b)(1)(A) (Vernon Supp. 2009)).[8] Thus, for offenses listed in section 3.03(b), the trial

---

[7]*See* Act of May 26, 1995, 74th Leg., R.S., ch. 596, § 1, 3435, 3435 (current version at TEX. PENAL CODE ANN. § 3.03(b)(1) (Vernon Supp. 2009)).

[8]Section 3.03(b)(1)(A) provides:

> (b) If the accused is found guilty of more than one offense arising out of the same criminal episode, the sentences may run concurrently or consecutively if each sentence is for a conviction of:

> (1) an offense:

court, in its discretion, may order commencement of the second sentence after completion of the first sentence. *DeLeon*, 294 S.W.3d at 745.[9]

Relator contends that because the offenses for which he was sentenced occurred prior to the effective date of the 2005 amendment to section 3.03(b), the law did not authorize the respondent to cumulate his sentences. Even if this argument is correct, relator still faces an obstacle to relief from the cumulation order. In *Ex parte McJunkins*, the applicant pleaded guilty and was sentenced in accordance with a plea-bargain agreement in which he specifically accepted the imposition of consecutive sentences in a single-criminal action. 954 S.W.2d 39, 41 (Tex. Crim. App. 1997) (op. on reh'g). The court held that applicant's "decisions not to request a severance, and to accept the imposition of consecutive sentences imposed in a single criminal action for two offenses arising out of the same criminal episode, were valid waivers of his right to concurrent sentences." *Id*. Here, relator stated in his pro se motion that he "pleaded nolo contendere to each offense and was convicted and sentenced, in accordance with a plea bargain agreement in which he specifically accepted the imposition of consecutive sentences in a single criminal action at which the trial Court [sic] accepted as a valid waiver of his right to concurrent sentences . . . ."

---

(A) under Section 49.07 or 49.08, regardless of whether the accused is convicted of violations of the same section more than once or is convicted of violations of both sections;
. . . .

TEX. PENAL CODE ANN. § 3.03(b)(1)(A). Sections 49.07 and 49.08 refer intoxication assault and intoxication manslaughter, respectively.

[9]*See also Gonzalez v. State*, Nos. 04-08-00156-158-CR, 2009 WL 222159, at *1 (Tex. App.–San Antonio Jan. 28, 2009, pet. ref'd) (mem. op., not designated for publication) (holding that "an express statutory exception permits the sentences to run consecutively for intoxication manslaughter and intoxication assault offenses.").

Nevertheless, assuming without deciding that respondent improperly cumulated relator's sentences, an improper cumulation of sentences is subject to habeas corpus relief. *Ex parte Vasquez*, 712 S.W.2d 754, 754 (Tex. Crim. App. 1986). The habeas corpus procedure set out in article 11.07 of the Texas Code of Criminal Procedure provides the exclusive remedy for felony post-conviction relief in state court. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 5 (Vernon Supp. 2009); *Bd. of Pardons & Paroles ex rel. Keene v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995); *Ex parte Brown*, 662 S.W.2d 3, 4 (Tex. Crim. App. 1983) (per curiam). If the habeas corpus applicant is held by virtue of a final conviction in a felony case, the writ is returnable to the Texas Court of Criminal Appeals. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a); *Brown*, 662 S.W.2d at 4. There is no role for the courts of appeals in the procedure under article 11.07. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3; *see Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 242 (Tex. Crim. App. 1991) (orig. proceeding) (stating that only the court of criminal appeals has jurisdiction over state post-conviction felony proceedings).

"A sentence unauthorized by law is fundamental error, rendering the sentence void." *Harvill v. State*, 13 S.W.3d 478, 482 (Tex. App.–Corpus Christi 2000, no pet.). The court of criminal appeals has "long held that a claim of an illegal sentence is cognizable on a writ of habeas corpus. *Ex parte Rich*, 194 S.W.3d 508, 511 (Tex. Crim. App. 2006) (citing cases).

*C. Analysis*

Tenberg's motion for leave to file original application for writ of mandamus fails to demonstrate that his rights to obtain a remedy by a writ of habeas corpus were inadequate

to address the error he now asserts. Accordingly, he has failed to satisfy the first requirement of the criminal-mandamus standard, i.e., that there is no adequate remedy at law to redress the alleged harm. *See State ex rel Young,* 236 S.W.3d at 210. Petition for writ of habeas corpus is generally an adequate remedy that will preclude mandamus relief. *In re Piper*, 105 S.W.3d 107, 109 (Tex. App.–Waco 2003, orig proceeding); *see Banales v. Court of Appeals for the Thirteenth Judicial Dist.*, 93 S.W.3d 33, 36 (Tex. Crim. App. 2002) (orig. proceeding). Accordingly, we overrule the sole issue for review.

### III. CONCLUSION

We deny mandamus relief.


ROSE VELA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 14th
day of January, 2010.

8