Russell HARVILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–98–642–CR.

Court of Appeals of Texas,
Corpus Christi.

Feb. 24, 2000.

Errlinda Castillo, Corpus Christi, for appellant.

Carlos Valdez, Dist. Atty., Adolfo Aguilo, Jr., Asst. Dist. Atty., Corpus Christi, for State.

Before Justices HINOJOSA, YAÑEZ, and RODRIGUEZ.

## CORRECTED OPINION

NELDA V. RODRIGUEZ, Justice.

A trial court found appellant, Russell Harvill, guilty of criminal nonsupport[1] after accepting his nonnegotiated guilty plea. The court sentenced him to two years confinement and suspended his sentence for a term of five years community supervision. As a condition of community supervision, appellant was ordered committed to a restitution center for a period of three months to a year. By six issues, appellant complains, *inter alia,* the trial court erroneously assessed punishment and his guilty plea was involuntary because of improper admonishments. We reverse and remand for resentencing.

By his first, fourth, fifth, and sixth issues, appellant challenges the voluntari-

---

1. *See* TEX. PEN.CODE ANN. § 25.05 (Vernon 1994).

ness of his guilty plea. Appellant complains that because he was not informed punishment could include confinement as a condition of probation, his plea was entered involuntarily. Appellant also complains he was not informed that a first time felon could receive greater punishment than a repeat offender. That omission, according to appellant, also rendered his plea involuntary.

■ Article 26.13 of the Texas Code of Criminal Procedure lists the admonishments a court must give a defendant upon entry of a guilty plea. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon 1989 & Supp. 2000). When the record shows that the trial court gave an admonishment, there is a prima facie showing of a knowing and voluntary plea of guilty. *See Ex parte Gibauitch,* 688 S.W.2d 868, 871 (Tex.Crim. App.1985); *Garcia v. State,* 960 S.W.2d 151, 154 (Tex.App.—Corpus Christi 1997, no pet.). The burden then shifts to the defendant to show he pleaded guilty without understanding the consequences of his plea and, consequently, suffered harm. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(c) (Vernon 1989); *Medina v. State,* 985 S.W.2d 192, 193 (Tex.App.—San Antonio 1998, no pet.). Even if the court errs in making the required admonishments, substantial compliance is sufficient unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(c) (Vernon 1989); *Lopez v. State,* 996 S.W.2d 893, 894 (Tex.App.—Corpus Christi 1999, no pet.).

■ Appellant asserts his plea was involuntary because he was not informed that he could be committed to a restitution center as a condition of his community supervision. We first note that a trial court is not required to admonish a defendant regarding his eligibility for community supervision. *See Ex Parte Williams,* 704 S.W.2d 773, 775 (Tex.Crim.App.1986); *Rodriguez v. State,* 933 S.W.2d 702, 704 (Tex.App.—San Antonio 1996, pet. ref'd).

However, when a trial court chooses to admonish on the availability of community supervision, it must do so accurately. *See Ex parte Williams,* 704 S.W.2d at 775.

In this case, the trial court correctly admonished appellant that he was entitled to community supervision subject to certain conditions. *See* Acts 1995, 74th Leg., R.S., ch. 318, § 60, 1995 Tex. Gen. Laws 2734, 2754 (amended 1997) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12, § 15 (Vernon Supp 1999)). While the court did specify various conditions that might be part of community supervision, it did not indicate the list of conditions was exclusive. Rather, the court explained that it would ultimately determine the conditions to be imposed. Thus, the trial court did not err in failing to specifically admonish appellant that he could be confined to a restitution center as a condition of community supervision. Moreover, we find no evidence that the trial court's failure to admonish appellant on this subject left him unaware of the consequences of his plea.

■ Appellant also directs this Court to alleged conflicts in the admonishments, which he contends rendered his plea involuntary. Specifically, appellant notes that while he was admonished that the judge *shall* suspend the imposition of the confinement and place him on *community supervision* for a *minimum period of 2 years and a maximum period of 5 years,* he was also admonished that he *might* be eligible to apply for *community supervision* for a *period not to exceed ten years.* Because of these allegedly conflicting admonishments, appellant complains his plea was involuntary.

Appellant was correctly admonished that community supervision was mandatory upon conviction of a state jail felony, unless the defendant had been previously convicted of a felony. *See id.* Appellant fails to show that he was harmed or unaware of the consequences of his plea as a result of the admonishment that he "may"

be eligible for community supervision. In addition, there was no error in the court's admonishment on the possible period of community supervision, as the statute generally authorizes a period of no more than five years, but allows the judge to extend the period to no more than ten years. *See id.*

■■■■ Appellant also contends his plea was involuntary because he was not informed that a first-time felon could receive greater punishment than a repeat offender. He argues that "three months to a year" confinement in the restitution center (the punishment he actually received) is greater than "up to 180 days confinement" (the punishment for repeat offenders). However, confinement to a restitution center as a condition of community supervision is not commensurate with confinement in a state jail felony facility as a condition of community supervision. *Compare* TEX. CODE CRIM. PROC. ANN. art. 42.12(12) (confinement as a condition of community supervision), *with* TEX.CODE CRIM. PROC. ANN. art. 42.12(18) (providing that a judge may not require a term of greater than twenty-four months at a community corrections facility as a condition of community supervision). Therefore, an instruction that a first-time felon could receive greater punishment than a repeat offender, because he may be placed in a restitution center, would have been improper and unnecessary. Thus, the trial court did not err it its admonishment, which substantially complied with the statute. Moreover, appellant fails to show he pleaded guilty without understanding the consequences of his plea or that he suffered harm. We conclude that appellant's guilty plea was voluntary. Appellant's first, fourth, fifth, and sixth issues are overruled.

We next address an issue raised by the State in a letter brief to this Court. The State concedes that the trial court sentenced appellant under the wrong version of the criminal nonsupport statute. As the State correctly notes, the trial court applied the current version of section 25.05 of the Texas Penal Code, when it should have sentenced appellant pursuant to the law in effect prior to the 1993 amendments to the penal code. *See* Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.18, 1993 Tex. Gen. Laws 3705. The 1993 act amending the penal code, which became effective September 1, 1994, included a savings provision that stated, "[a]n offense committed before the effective date of this article is covered by the law in effect when the offense was committed and the former law is continued in effect for that purpose." *Id.* § 1.18(a). The act further provided, "an offense is committed before the effective date of this article if any element of the offense occurs before the effective date." *Id.* § 1.18(b).

■■■■ Criminal nonsupport is a continuing offense. *See Belcher v. State,* 962 S.W.2d 653, 656 (Tex.App.—Austin 1998, no pet.). Appellant committed criminal nonsupport on or about November 15, 1992, continuing to on or about December 18, 1997. Thus, an element of the offense occurred before September 1, 1994, the effective date of the act. *See Dickens v. State,* 981 S.W.2d 186, 188 (Tex.Crim.App. 1998) (holding that savings clause unambiguously provides that former law applies to offense when *any* element of offense was committed before effective date of new law, and clause does not require completion of offense, but rather commission).

Because an element of the offense of criminal nonsupport occurred before the effective date of the act, appellant should have been sentenced under the former law, Act of May 23, 1973, 63d Leg., R.S., ch. 399, § 1, sec. 25.05, 1973 Tex. Gen. Laws 922, 923 (amended 1987, 1993) (current version at TEX. PEN.CODE ANN. § 25.05 (Vernon 1994)). That law classified criminal nonsupport as either a Class A misdemeanor, which carried a punishment of a fine and/or confinement not to exceed one year, or a third degree felony, which carried a punishment of no less than two years and no more than ten years confine-

ment.[2] The trial court, however, sentenced appellant under the current version of the criminal nonsupport statute, which classifies criminal nonsupport as a state jail felony, and provides a range of punishment of not less than 180 days and no more than two years confinement. *See* TEX. PEN.CODE ANN. § 12.35 (Vernon 1994).

A sentence unauthorized by law is fundamental error, rendering the sentence void. *See Ex Parte Hill,* 528 S.W.2d 125, 126 (Tex.Crim.App.1975) (sentence was void where trial court imposed five year sentence and maximum authorized punishment was four years); *Muse v. State,* 815 S.W.2d 769, 773 (Tex.App.—Waco 1991, no pet.) (finding unauthorized sentence amounted to fundamental error because fixing of penalties is purely legislative function outside ambit of constitutional judicial authority). The sentence imposed upon appellant was unauthorized under the applicable version of the criminal nonsupport statute.[3] *See* Act of May 23, 1973, 63d Leg., R.S., ch. 399, § 1, sec. 25.05, 1973 Tex. Gen. Laws 922, 923 (amended 1987, 1993). Accordingly, appellant's sentence is void.

The void sentence, however, does not necessarily invalidate the conviction. *See Saunders v. State,* 511 S.W.2d 281, 283–84 (Tex.Crim.App.1974). Where the trial court sets the punishment and the only error concerns the punishment, we need not order a reversal of the conviction, but may remand for proper assessment of punishment by the trial judge. *See Hill,* 528 S.W.2d at 126; *Saunders,* 511 S.W.2d at 283–84.

Because of our resolution of this issue, we do not address appellant's second and third issues, which relate to punishment. *See* TEX.R.APP. P. 47.1. The judgment of the trial court is REVERSED as to punishment only, and this cause is REMANDED for resentencing in accordance with the appropriate statute.

---

2. *See* Act of May 23, 1973, 63d Leg., R.S., ch. 399, § 1, sec. 25.05, 1973 Tex. Gen. Laws 922, 923 (amended 1987, 1993) (making criminal nonsupport a Class A misdemeanor or third degree felony); *see also* Act of May 24, 1973, 63d Leg. R.S., ch. 399, § 1, sec. 12.21, 1973 Tex. Gen. Laws 907 (amended 1991, 1993) (current version at TEX. PEN.CODE ANN. § 12.21 (Vernon 1994)) (providing punishment for Class A misdemeanor); Act of May 28, 1973, 63d Leg. R.S., ch. 426, art. 2, § 2, sec. 12.34, 1973 Tex. Gen. Laws 1125 (amended 1989) (current version at TEX. PEN. CODE ANN. § 12.34 (Vernon 1994)) (providing punishment for third degree felony).

3. We note that appellant does not complain that the trial court's failure to admonish him under the former version of the criminal nonsupport statute rendered his plea involuntary. Thus, he waived any such argument. *See*

TEX.R.APP. P. 38.1(h); *see e.g., Harris v. State,* 784 S.W.2d 5, 27 (Tex.Crim.App.1989); *Maldonado v. State,* 902 S.W.2d 708, 711 (Tex. App.—El Paso 1995, no pet.). Even construing his brief liberally to encompass such an argument, appellant provides no showing of harm, and thus failed to carry his burden that his plea was involuntary. *See Ex Parte Gibauitch,* 688 S.W.2d 868, 871 (Tex.Crim.App. 1985) (noting that defendant shoulders burden, once record shows he was admonished, to show he entered plea without understanding consequences of his plea and thus was harmed) (citations omitted); *Harling v. State,* 899 S.W.2d 9, 13 (Tex.App.—San Antonio 1995, pet. ref'd) (where appellant was fully admonished prior to acceptance of his plea, he has heavy burden to establish that plea was involuntary).