Clayton Dwayne WILLIAMS,
Appellant,

v.

The STATE of Texas, Appellee.

No. 06–01–00053–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Jan. 31, 2002.

Decided March 6, 2002.

---

Hayward M. Rigano II, Attorney At Law, Longview, for appellant.

Andy Porter, Asst. Dist. Atty., Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

Clayton Williams appeals from his conviction for criminal nonsupport. He was convicted on his plea of guilty, and the trial court assessed his punishment at two years' confinement in a state jail facility. Williams contends in a single point of error that the statute under which he was convicted, TEX. PEN.CODE ANN. § 25.05 (Vernon Supp.2002), is unconstitutional because it violates Article I, § 18 of the Texas Constitution. TEX. CONST. art. I, § 18. That section provides that, "No person shall ever be imprisoned for debt."

This Court has previously addressed this issue. In *Lyons v. State*, 835 S.W.2d 715, 718 (Tex.App.-Texarkana 1992, pet. ref'd), we rejected an argument that a conviction under TEX. PEN.CODE ANN. § 25.05 constitutes an impermissible imprisonment for debt. We held that impris-

onment assessed as punishment for the violation of a statute or court order is not imprisonment for debt, even if the statute or court order has the effect of requiring a payment of money. TEX. CONST. art. I, § 18 commentary, *citing Ex parte Robertson,* 27 Tex.App. 628, 11 S.W. 669 (1889); *Dixon v. State,* 2 Tex. 481 (1847); *Ex parte Wagner,* 905 S.W.2d 799, 803 (Tex.App.-Houston [14th Dist.] 1995, orig. proceeding). The obligation that the law imposes on spouses to support one another and on parents to support their children is not considered a debt. *See Ex parte Hall,* 854 S.W.2d 656 (Tex.1993); *see also Freeland v. Freeland,* 313 S.W.2d 943 (Tex.Civ.App.-Dallas 1958, no writ).[1] Accordingly, we will affirm the judgment of conviction.

■ We find, however, that the punishment assessed Williams is not according to the law governing his offense. The trial court applied the current version of TEX. PEN.CODE ANN. § 25.05. It should have applied the law in effect before the 1993 amendments to the Texas Penal Code. *See* Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 1.18, 1993 Tex. Gen. Laws 3586, 3705. [The 1993 act amending the penal code, which became effective September 1, 1994, provided that an offense committed before the effective date of the amendment is governed by the law in effect when the offense was committed, and that the former law is continued in effect for that purpose.] *Id.* § 1.18(a). The act further provided, "an offense is committed before the effective date of this article if any element of the offense occurs before the effective date." *Id.*

■ Criminal nonsupport is a continuing offense. *See Belcher v. State,* 962 S.W.2d 653, 656 (Tex.App.-Austin 1998, no pet.). Williams committed part of his nonsupport as far back as 1988, and it continued until June 1, 2000. Thus, part of the offense occurred before September 1, 1994, the effective date of the act. *See Dickens v. State,* 981 S.W.2d 186, 188 (Tex.Crim. App.1998).

Because an element of the offense of criminal nonsupport occurred before the effective date of the act, Williams should have been sentenced under the former law, Act of May 24, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 922, 923 (amended 1987, 1993) (current version at TEX. PEN.CODE ANN. § 25.05). That law classified criminal nonsupport as either a class A misdemeanor, which carried a punishment of a fine and/or confinement not to exceed one year, or a third-degree felony, which carried a punishment of no less than two years' and no more than ten years' confinement. *Harvill v. State,* 13 S.W.3d 478 (Tex.App.-Corpus Christi 2000, no pet.). The trial court, however, sentenced Williams under the current version of the criminal nonsupport statute, which classifies criminal nonsupport as a state jail felony and provides a range of punishment of not less than 180 days' and no more than two years' confinement. *See* TEX. PEN.CODE ANN. § 12.35 (Vernon 1994).

■ A sentence unauthorized by law is fundamental error, rendering the sentence void. *See Ex parte Hill,* 528 S.W.2d 125, 126 (Tex.Crim.App.1975); *Muse v. State,* 815 S.W.2d 769, 773 (Tex.App.-Waco

---

1. Public policy imposes an obligation on parents to support their children; thus, child support payments are not considered a debt, but a legal duty. *Ex parte McManus,* 589 S.W.2d 790, 792 (Tex.Civ.App.-Dallas 1979, orig. proceeding). Texas has also permitted imprisonment for failure to pay child support, as well as the attorney's fees incurred while attempting to enforce support obligations, because of the strong public policy in favor of a parent's duty to support his or her children. *Tamez v. Tamez,* 822 S.W.2d 688, 691 (Tex. App.-Corpus Christi 1991, writ denied).

1991, no pet.). The sentence imposed on Williams was unauthorized under the applicable version of the criminal nonsupport statute. *See* Act of May 23, 1973, 63rd Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 922, 923 (amended 1987, 1993). Accordingly, the sentence is void. The void sentence, however, does not necessarily invalidate the conviction. *See Saunders v. State,* 511 S.W.2d 281, 283–84 (Tex.Crim. App.1974). Where the trial court sets the punishment and the only error concerns the punishment, the conviction should not be reversed, but the cause should be remanded to the trial court for assessment of the proper punishment. *See Ex parte Hill,* 528 S.W.2d at 126; *Saunders v. State,* 511 S.W.2d at 283–84.

The conviction is affirmed, but the sentence is voided. We remand the case to the trial court for the setting of proper punishment.