**Clayton Dwayne WILLIAMS,
Appellant,**

v.

**The STATE of Texas.**

**No. 0683–02.**

Court of Criminal Appeals of Texas.

Sept. 10, 2003.

Hatwood M. Rigano, II, Longview, for Appellant.

Jeffrey L. Horn, Asst. State Atty., Matthew Paul, State's Atty., Austin, for State.

*OPINION*

HERVEY, J., delivered the opinion of the Court in which KELLER, PJ., MEYERS, PRICE, JOHNSON, KEASLER, HOLCOMB and COCHRAN, JJ., joined.

In this case we decide that the Court of Appeals erroneously concluded that prior law controlled appellant's sentence for his conviction of the state jail felony offense of criminal nonsupport.

State law, in relevant part, defines the elements of this state jail felony offense as an individual who intentionally or knowingly fails to provide support for his minor child.[1] The record reflects that a

---

1. Section 25.05(a), TEX. PENAL CODE, provides: An individual commits an offense if the individual intentionally or knowingly fails to provide support for the individual's child younger than 18 years of age, or for the individual's child who is the subject of a court order requiring the individual to support the child.

court order obligated appellant to pay child support for his two minor children each month beginning on October 1, 1988. The indictment charging appellant with criminal nonsupport alleged that "on or about" June 1, 2000, appellant failed to pay child support for his two minor children.[2] Appellant pled guilty to the offense charged in the indictment. The stipulation of evidence that appellant signed in connection with his guilty plea recites that the offense was committed "on the 1st day of June 2000."

After accepting appellant's plea, the trial court conducted an evidentiary hearing apparently for the purpose of determining appellant's sentence. Evidence was presented at this hearing that appellant's failure to pay child support occurred "as far back as 1988, and it continued until June 1, 2000." *See Williams v. State*, 71 S.W.3d 862, 864 (Tex.App.-Texarkana 2002). The trial court sentenced appellant under the current statute to two years confinement. *See Williams*, 71 S.W.3d at 864.

On direct appeal, appellant claimed only that his sentence and the current criminal nonsupport statute violated the Texas Constitution. *See Williams*, 71 S.W.3d at 863. The Court of Appeals rejected this claim but then decided on its own that appellant's sentence was "void." *See Williams*, 71 S.W.3d at 864–65; *but compare Hailey*

*v. State*, 87 S.W.3d 118, 121–122 (Tex.Cr. App.2002) (court of appeals should not reverse trial court's judgment on a "theory of law never presented to the trial court or raised on appeal").

The Court of Appeals decided that criminal nonsupport is a "continuing offense" and that an element of the criminal nonsupport offense in this case occurred "as far back as 1988." *See Williams*, 71 S.W.3d at 864. Relying on a savings clause in the current statute, the Court of Appeals, therefore, concluded that appellant should have been sentenced under the law as it existed before the current statute was enacted in 1994.[3] *See id.*[4] The savings clause in the current statute, in relevant part, provides that prior law controls "if any element of the offense occurs before the effective date" of the current law. *See* Acts 1993, 73rd Leg., ch. 900, § 1.18.

■ We exercised our discretionary authority to review this decision. The sole ground upon which we granted discretionary review states:

In a prosecution for criminal nonsupport, where the defendant's failure to pay child support began prior to, but continued after, the effective date of a statutory amendment increasing the punishment for the offense, does a savings clause in the amending act require that the defendant be prosecuted under

---

2. Under this "on or about" allegation in the indictment, the State could obtain a conviction for any criminal nonsupport offense (whether continuing or not) that was committed before presentment of the indictment and within the statute of limitations. *See Mireles v. State*, 901 S.W.2d 458, 459 (Tex.Cr.App. 1995); *also see generally Rodriguez v. State*, 104 S.W.3d 87 (Tex.Cr.App.2003); *Rankin v. State*, 953 S.W.2d 740, 742–43 (Tex.Cr.App. 1996) (Meyers, J., concurring).

3. The pre–1994 version of the criminal nonsupport statute made the offense a Class A misdemeanor or a third degree felony under

certain conditions that do not appear to apply here. *See Williams*, 71 S.W.3d at 864.

4. In reaching this decision, the Court of Appeals followed the decision of the Corpus Christi Court of Appeals in *Harvill v. State*, 13 S.W.3d 478, 481 (Tex.App.-Corpus Christi 2000, no pet.) (criminal nonsupport offense committed "on or about November 15, 1992, continuing to on or about December 18, 1997," was a "continuing offense" with at least one of its elements committed under the prior version of the statute). *See Williams*, 71 S.W.3d at 864.

the statute as it existed prior to its amendment?

The Court of Appeals decided and both parties seem to concede that all of appellant's separate acts of failing to pay child support "as far back as 1988, and [continuing] until June 1, 2000" are but elements of one "continuing offense." In this case, however, it is unnecessary to address whether appellant's separate acts of failing to pay child support during this period of time are just elements of one continuing offense since the record makes clear—*via* the written stipulation—that appellant committed the elements of the offense on June 1, 2000, well after the 1994 change in the statute. *See* Acts 1993, 73rd Leg., ch. 900, § 1.18; *compare Harvill*, 13 S.W.3d at 481 (defendant pled guilty to committing criminal nonsupport "on or about November 15, 1992, continuing to on or about December 18, 1997").[5]

The stipulation states that the offense occurred "on the 1st day of June 2000" and not "on or about" the first day of June 2000, so appellant did not plead to and was not convicted of any pre–1994 conduct of failure to pay child support. The use of "on" instead of "on or about" signifies that appellant was admitting to a specific day, rather than a range of days. The evidence that appellant continuously failed to provide support "as far back as 1988" was brought out in a hearing conducted for the purpose of determining appellant's sentence, after appellant had already pled guilty. Appellant's failure to provide support during this time was relevant punishment evidence and does not, in itself, become an element of the offense to which he pled guilty.

The judgment of the Court of Appeals is reversed and the judgment of the trial court is affirmed.

WOMACK, J., concurred.

---

5. *But cf. Gonzalez v. State*, 8 S.W.3d 640, 641 (Tex.Cr.App.2000) (general jury verdict is valid so long as it is legally supportable on one of the submitted grounds even though that gives no assurance that a valid ground, rather than an invalid one, is actually the basis of the jury's action).