Ricky Lee CARROLL, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–07–00308–CR.

Court of Appeals of Texas,
Waco.

Aug. 13, 2008.

Rehearing Overruled Oct. 14, 2008.

Stan Schwieger, Law Office of Stan
Schwieger, Waco, for appellant.

Roy Defriend, Limestone County, Dist.
Atty., Groesbeck, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

**OPINION**

FELIPE REYNA, Justice.

A jury convicted Ricky Lee Carroll of possessing between 4 and 200 grams of cocaine with intent to deliver and assessed his punishment at 55 years' imprisonment. Carroll contends in two issues that: (1) the evidence is legally insufficient to support the conviction due to a lack of affirmative links connecting him to the cocaine; and (2) the court erred by failing to submit a spoliation instruction to the jury concerning the State's failure to preserve videotapes of Carroll's stop and arrest. We will affirm.

**Links to Contraband**

■ Carroll contends in his first issue that the evidence is legally insufficient to support the conviction due to a lack of "affirmative links" connecting him to the cocaine.

In reviewing a claim of legal insufficiency, we view all of the evidence in a light most favorable to the verdict and determine whether any rational trier of fact could have found the essential element beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *Sells v. State*, 121 S.W.3d 748, 753–54 (Tex.Crim.App. 2003).

The Court of Criminal Appeals has recently provided the following explanation for the "so-called 'affirmative links' rule":

[I]n a possession of a controlled substance prosecution, "the State must prove that: (1) the accused exercised control, management, or care over the substance; and (2) the accused knew the matter possessed was contraband." Regardless of whether the evidence is direct or circumstantial, it must establish that the defendant's connection with the drug was more than fortuitous. This is the so-called "affirmative links" rule which protects the innocent bystander—a relative, friend, or even stranger to the actual possessor—from conviction merely because of his fortuitous proximity to someone else's drugs. Mere presence at the location where drugs are found is thus insufficient, by itself, to establish actual care, custody, or control of those drugs. However, presence or proximity, when combined with other evidence, either direct or circumstantial (*e.g.*, "links"), may well be sufficient to establish that element beyond a reasonable doubt. It is, as the court of appeals correctly noted, not the number of links that is dispositive, but rather the logical force of all of the evidence, direct and circumstantial.

*Evans v. State*, 202 S.W.3d 158, 161–62 (Tex.Crim.App.2006) (quoting *Evans v. State*, 185 S.W.3d 30, 34 (Tex.App.-San Antonio 2005)) (footnotes omitted). The Court cautioned against use of the term "affirmative links" as suggesting "an independent test of legal sufficiency" and chose instead to use only the term " 'link' so that it is clear that evidence of drug possession is judged by the same standard as all other evidence." *Id.* at 161 n. 9.

Thus, we examine the record for direct or circumstantial evidence which, when viewed in the light most favorable to the verdict, established that Carroll exercised control, management, or care over the contraband and knew that it was contraband. *See id.* at 161–62.

Carroll was the sole occupant of a car registered to a third party.[1] He was driv-

---

1. During the guilt-innocence phase, the State   presented evidence of the name of the regis-

ing in "an area commonly associated with the sale of narcotics and illegal activity." Officers found a plastic bag containing 10.63 grams of cocaine hidden beneath the console, within easy reach of the driver. Carroll gave a false name and date of birth when first asked to identify himself. Although Carroll was then unemployed, he was found to have $628 in cash in his pocket. He also demonstrated knowledge of other contents of the vehicle by telling the officers there was a bottle of Crown Royal in the trunk.

From this evidence, we hold that a rational trier of fact could have found beyond a reasonable doubt that Carroll exercised control, management, or care over the cocaine and knew that it was contraband. *See Evans*, 202 S.W.3d at 164–65 (defendant was sole occupant of house and had $160 in cash though unemployed); *Hargrove v. State*, 211 S.W.3d 379, 387 (Tex.App.-San Antonio 2006, pet. ref'd), *cert. denied*, ——— U.S. ———, 128 S.Ct. 134, 169 L.Ed.2d 93 (2007) (defendant gave false name indicating consciousness of guilt); *Robinson v. State*, 174 S.W.3d 320, 329 (Tex.App.-Houston [1st Dist.] 2005, pet. ref'd) (defendant traveling along known narcotics trafficking route). Thus, the evidence is legally sufficient. We overrule Carroll's first issue.

### Spoliation Instruction

■ Carroll contends in his second issue that the court erred by failing to submit a spoliation instruction to the jury concerning the State's failure to preserve videotapes of Carroll's stop and arrest.

■ In *Pena v. State*, this Court held that, "under the Due Course of Law provision of article I, section 19 [of the Texas Constitution], the State has a duty to preserve material evidence which has apparent exculpatory value, encompassing both exculpatory evidence and evidence that is potentially useful to the defense." 226 S.W.3d 634, 651 (Tex.App.-Waco 2007, pet. granted). The remedy for the State's failure to preserve such evidence is an adverse inference instruction. *Id.* at 655–56.

■ To preserve such a claim, however, a defendant must raise a Due Course of Law complaint in the trial court. *Id.* at 637–38. Carroll did not.

■ In addition, an adverse inference instruction under *Pena* is a defensive issue which a trial court has no independent obligation to submit to the jury absent a request by the defendant. *See Posey v. State*, 966 S.W.2d 57, 62 (Tex.Crim.App. 1998) (trial court does not err by failing to submit defensive issue raised by evidence if defendant does not request submission); *see also Parker v. State*, 192 S.W.3d 801, 806 (Tex.App.-Houston [1st Dist.] 2006, pet. ref'd) (applying *Posey* to complaint regarding failure to submit article 38.23 instruction); *Michaelwicz v. State*, 186 S.W.3d 601, 624 (Tex.App.-Austin 2006, pet. ref'd) (applying *Posey* to complaint regarding failure to submit "no adverse inferences" instruction concerning defendant's failure to testify). Here, Carroll did not request the submission of an adverse inference instruction.[2]

---

tered owner of the car. During the punishment phase, the State presented evidence that the registered owner is the daughter of Carroll's fiancée. However, punishment evidence is not considered in evaluating the legal sufficiency of the evidence to establish a defendant's guilt. *See Barfield v. State*, 63 S.W.3d 446, 450 (Tex.Crim.App.2001) ("our

consideration of the evidence is necessarily limited to that evidence before the jury at the time it rendered its verdict of guilt") (quoting *Munoz v. State*, 853 S.W.2d 558, 560 (Tex. Crim.App.1993)).

**2.** In cases governed by *Posey*, the egregious harm standard of *Almanza* does not apply. *See Gandy v. State*, 222 S.W.3d 525, 531–32

Accordingly, we overrule Carroll's second issue.

We affirm the judgment.

Chief Justice GRAY concurs in the judgment affirming Carroll's conviction. A separate opinion will not issue.

(Tex.App.-Houston [14th Dist.] 2007, pet. ref'd).