

# IN THE
# TENTH COURT OF APPEALS

### No. 10-09-00147-CR

**KEVIN WAYNE ANDERS,**

                                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                          **Appellee**

———————————

**From the 13th District Court
Navarro County, Texas
Trial Court No. 31700-CR**

## MEMORANDUM  OPINION

A jury convicted Kevin Wayne Anders of ten counts of possession of child pornography. The court assessed his punishment at ten years' imprisonment on each count and ordered the sentences to run consecutively. Anders contends in two issues that the evidence is legally and factually insufficient to prove he knowingly possessed the images on his computer hard drive. We will affirm.

During the investigation of another offense, Navarro County Sheriff's deputies found papers on a desk in Anders' home which contained references to websites

featuring child pornography. Deputies seized a computer from the home. A forensic analysis revealed 180 images of child pornography on the hard drive. Prosecutors identified ten of these images (some of which were found in more than one location on the hard drive) which served as the basis for the ten-count indictment.

**Standard of Review**

Anders contends in his first and second issues that the evidence is legally and factually insufficient.

For a claim of legal insufficiency, we view all of the evidence in a light most favorable to the verdict and determine whether any rational trier of fact could have found the essential element beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Sells v. State*, 121 S.W.3d 748, 753-54 (Tex. Crim. App. 2003); *Johnson v. State*, 271 S.W.3d 756, 758 (Tex. App.—Waco 2008, pet. ref'd).

Regarding Anders's factual-insufficiency complaint, the Court of Criminal Appeals has recently held that "the *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient." *Brooks v. State*, No. PD-210-09, 2010 WL 3894613, at *14 (Tex. Crim. App. Oct. 6, 2010). Thus, we overrule Anders's second issue.

**Possession**

Anders first contends that the evidence is legally insufficient because he was not the only person with access to the computer. Specifically, he argues that (1) the State failed to affirmatively link him to the unlawful images found on the hard drive and (2)

the State "failed to complete the chain of custody to the computer" before it was subjected to forensic analysis. We construe these contentions collectively as an assertion that the evidence is legally insufficient to prove that Anders is the person who possessed the unlawful images.

Beginning with Anders's chain-of-custody complaint, he failed to object to the admissibility of the hard drive or any of the individual images on this basis. Thus, he has failed to preserve an appellate complaint regarding the chain of custody. *See* TEX. R. APP. P. 33.1(a)(1); *Simmons v. State*, 100 S.W.3d 484, 492 (Tex. App.—Texarkana 2003, pet. ref'd). Also, in the absence of affirmative evidence of tampering or contamination, any gaps or minor breaches in the chain of custody affect the weight to be given the evidence, not its admissibility. *See Dossett v. State*, 216 S.W.3d 7, 17 (Tex. App.—San Antonio 2006, pet. ref'd); *Martinez v. State*, 186 S.W.3d 59, 62 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd). Here, there is no evidence of tampering or contamination.

The "so-called 'affirmative links' rule" is not "an independent test of legal sufficiency." *See Evans v. State*, 202 S.W.3d 158, 161 n.9 (Tex. Crim. App. 2006); *Carroll v. State*, 266 S.W.3d 1, 2 (Tex. App.—Waco 2008, pet. ref'd). Rather, "we examine the record for direct or circumstantial evidence which, when viewed in the light most favorable to the verdict, established that [Anders] exercised control, management, or care over the contraband and knew that it was contraband." *Carroll*, 266 S.W.3d at 2; *see Evans*, 202 S.W.3d at 161-62; *see also* TEX. PEN. CODE ANN. § 1.07(a)(39) (Vernon Supp. 2010) ("'Possession' means actual care, custody, control, or management.").

Detective Hank Bailey testified that the computer was located on a desk in the main living area on the first floor of the house. He found two crumpled pieces of paper in one of the desk drawers which were printouts listing numerous pornographic websites, including references to "underage" and "preteen illegal" child pornography. He also found another sheet of paper with several handwritten URL's for websites including one which appeared to involve child pornography. Anders's girlfriend testified that this was his handwriting. His fingerprint was also found on this sheet of paper.

Bailey seized the computer, transported it to the Navarro County Sheriff's Department, and delivered it to Lieutenant James McCay the evidence custodian. McCay took the computer to Waco and delivered it to Chris Kingrey, a forensic analyst. Kingrey testified that the computer had two user-created accounts: "Owner" and "Kids." The designated username for the "Owner" account was Kevin. The "Kids" account had parental controls which restricted access to websites deemed appropriate for children 12 or younger. If someone using this restricted account tried to access inappropriate material, access would be blocked and an e-mail would be sent to the Owner account via an AOL account named kevinanderstx. Kingrey testified that someone using this AOL account ran an internet search using the term "preteen child porn."

When the computer was seized, Anders shared a home with his girlfriend and her three daughters. Each of them used the computer at different times. Anders's girlfriend denied ever viewing child pornography on the computer. She testified that

Anders changed the password for internet access at the beginning of the summer of 2007 so that only he could access the internet. Most of the images of child pornography on the computer hard drive were accessed in June 2007. She testified that her daughters were supervised when they were on the computer and that they only used the computer during the day or early evening. The images which were accessed in June 2007 were accessed later at night, when several witnesses testified Anders was usually on the computer.

Viewed in the light most favorable to the verdict, Detective Bailey found a piece of paper with URL's handwritten by Anders for websites featuring child pornography and another sheet with a printed listing of similar information. An internet search for "preteen child porn" was run with Anders's AOL account. Anders alone had internet access at the time the unlawful images were viewed and modified. This evidence is legally sufficient to prove Anders is the person who possessed the unlawful images found on the hard drive. *See Krause v. State*, 243 S.W.3d 95, 111-12 (Tex. App.—Houston [1st Dist.] 2007, pet. ref'd).

**Knowledge**

Anders also claims that the evidence is legally insufficient because the State failed to prove that he knowingly possessed the images. *See* TEX. PEN. CODE ANN. § 43.26(a)(1) (Vernon 2003) (defining offense as "knowingly or intentionally" possessing child pornography).

Kingrey found approximately 180 images of child pornography at various locations in the hard drive. The images corresponding to Counts 1 and 2 were found in

the "My Videos" folder for the Owner account in the thumbs.db file. The images corresponding to Counts 4, 6, 9 and 10 were found in the Topspeed.cache.db file. The images corresponding to Counts 2, 3, 4, 5, 7 and 8 were found in free space on the drive.[1] Kingrey testified that each of these images had been accessed by a user of the computer and modified, saved or "deleted."[2] He also testified that these images were presently at locations on the hard drive which most people would be unaware existed and would be unable to access.

Viewing the evidence in the light most favorable to the verdict, Kingrey testified that each of the ten images which formed the basis of the State's prosecution had been viewed by someone on the computer and modified or deleted. Based on the account ownership and Anders's personal and exclusive access to the computer and the internet in particular, a rational trier of fact could have found beyond a reasonable doubt that Anders is the one who viewed these unlawful images. In addition, although the images could not have been accessed by "most people" at the time of trial, a rational trier of fact could have found based on Kingrey's testimony that the images had been viewed by Anders but later modified or deleted so that they were no longer accessible to the average computer user.

---

[1]    Copies of the images corresponding to Counts 2 and 4 were found both in the files mentioned and in free space on the hard drive.

[2]    Kingrey explained that when a computer file is "deleted," the file moves to space that is not allocated to an active file on the hard drive. *See Lancaster v. State*, 319 S.W.3d 168, 173 n.5 (Tex. App.—Waco 2010, pet. ref'd).

Thus, we conclude that the evidence is legally sufficient to prove Anders *knowingly* possessed the unlawful images. *See Gant v. State*, 278 S.W.3d 836, 839-42 (Tex. App.—Houston [14th Dist.] 2009, no pet.).

We overrule Anders's first issue and affirm the judgment.


FELIPE REYNA<br>
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed November 24, 2010
Do not publish
[CRPM]