IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00147-CR

 

Kevin Wayne Anders,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 13th District
Court

Navarro County, Texas

Trial Court No. 31700-CR

 



MEMORANDUM  Opinion



 








            A jury convicted Kevin Wayne
Anders of ten counts of possession of child pornography.  The court assessed
his punishment at ten years’ imprisonment on each count and ordered the
sentences to run consecutively.  Anders contends in two issues that the
evidence is legally and factually insufficient to prove he knowingly possessed
the images on his computer hard drive.  We will affirm.

            During the investigation of
another offense, Navarro County Sheriff’s deputies found papers on a desk in
Anders’ home which contained references to websites featuring child
pornography.  Deputies seized a computer from the home.  A forensic analysis
revealed 180 images of child pornography on the hard drive.  Prosecutors
identified ten of these images (some of which were found in more than one
location on the hard drive) which served as the basis for the ten-count
indictment.

Standard of Review

            Anders contends in his first
and second issues that the evidence is legally and factually insufficient.

            For a claim of legal
insufficiency, we view all of the evidence in a light most favorable to the
verdict and determine whether any rational trier of fact could have found the
essential element beyond a reasonable doubt.  Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Sells v. State,
121 S.W.3d 748, 753-54 (Tex. Crim. App. 2003); Johnson v. State, 271
S.W.3d 756, 758 (Tex. App.—Waco 2008, pet. ref’d).

            Regarding Anders’s
factual-insufficiency complaint, the Court of Criminal Appeals has recently
held that “the Jackson v. Virginia standard is the only standard that a
reviewing court should apply in determining whether the evidence is
sufficient.”  Brooks v. State, No. PD-210-09, 2010 WL 3894613, at *14
(Tex. Crim. App. Oct. 6, 2010).  Thus, we overrule Anders’s second issue.

Possession

            Anders first contends that
the evidence is legally insufficient because he was not the only person with
access to the computer.  Specifically, he argues that (1) the State failed to
affirmatively link him to the unlawful images found on the hard drive and (2)
the State “failed to complete the chain of custody to the computer” before it
was subjected to forensic analysis.  We construe these contentions collectively
as an assertion that the evidence is legally insufficient to prove that Anders
is the person who possessed the unlawful images.

            Beginning with Anders’s
chain-of-custody complaint, he failed to object to the admissibility of the
hard drive or any of the individual images on this basis.  Thus, he has failed
to preserve an appellate complaint regarding the chain of custody.  See Tex. R. App. P. 33.1(a)(1); Simmons
v. State, 100 S.W.3d 484, 492 (Tex. App.—Texarkana 2003, pet. ref’d).  Also,
in the absence of affirmative evidence of tampering or contamination, any gaps
or minor breaches in the chain of custody affect the weight to be given the
evidence, not its admissibility.  See Dossett v. State, 216
S.W.3d 7, 17 (Tex. App.—San
Antonio 2006, pet. ref’d); Martinez
v. State, 186 S.W.3d 59, 62 (Tex. App.—Houston [1st Dist.] 2005, pet.
ref’d).  Here, there is no evidence of tampering or contamination.

            The “so-called ‘affirmative
links’ rule” is not “an independent test of legal sufficiency.”  See Evans
v. State, 202 S.W.3d 158, 161 n.9 (Tex. Crim. App. 2006); Carroll v.
State, 266 S.W.3d 1, 2 (Tex. App.—Waco 2008, pet. ref’d).  Rather, “we
examine the record for direct or circumstantial evidence which, when viewed in
the light most favorable to the verdict, established that [Anders] exercised
control, management, or care over the contraband and knew that it was
contraband.”  Carroll, 266 S.W.3d at 2; see Evans, 202 S.W.3d at
161-62; see also Tex. Pen. Code
Ann. § 1.07(a)(39) (Vernon Supp. 2010) (“’Possession’ means actual care,
custody, control, or management.”).

            Detective Hank Bailey
testified that the computer was located on a desk in the main living area on
the first floor of the house.  He found two crumpled pieces of paper in one of
the desk drawers which were printouts listing numerous pornographic websites,
including references to “underage” and “preteen illegal” child pornography.  He
also found another sheet of paper with several handwritten URL’s for websites
including one which appeared to involve child pornography.  Anders’s girlfriend
testified that this was his handwriting.  His fingerprint was also found on
this sheet of paper.

            Bailey seized the computer,
transported it to the Navarro County Sheriff’s Department, and delivered it to
Lieutenant James McCay the evidence custodian.  McCay took the computer to Waco
and delivered it to Chris Kingrey, a forensic analyst.  Kingrey testified that
the computer had two user-created accounts: “Owner” and “Kids.”  The designated
username for the “Owner” account was Kevin.  The “Kids” account had parental
controls which restricted access to websites deemed appropriate for children 12
or younger.  If someone using this restricted account tried to access
inappropriate material, access would be blocked and an e-mail would be sent to
the Owner account via an AOL account named kevinanderstx.  Kingrey testified
that someone using this AOL account ran an internet search using the term
“preteen child porn.”

            When the computer was
seized, Anders shared a home with his girlfriend and her three daughters.  Each
of them used the computer at different times.  Anders’s girlfriend denied ever
viewing child pornography on the computer.  She testified that Anders changed
the password for internet access at the beginning of the summer of 2007 so that
only he could access the internet.  Most of the images of child pornography on
the computer hard drive were accessed in June 2007.  She testified that her
daughters were supervised when they were on the computer and that they only
used the computer during the day or early evening.  The images which were
accessed in June 2007 were accessed later at night, when several witnesses
testified Anders was usually on the computer.

            Viewed in the light most
favorable to the verdict, Detective Bailey found a piece of paper with URL’s
handwritten by Anders for websites featuring child pornography and another
sheet with a printed listing of similar information.  An internet search for
“preteen child porn” was run with Anders’s AOL account.  Anders alone had
internet access at the time the unlawful images were viewed and modified.  This
evidence is legally sufficient to prove Anders is the person who possessed the
unlawful images found on the hard drive.  See Krause v. State,
243 S.W.3d 95, 111-12 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d).

Knowledge

            Anders also claims that the
evidence is legally insufficient because the State failed to prove that he knowingly
possessed the images.  See Tex.
Pen. Code Ann. § 43.26(a)(1) (Vernon 2003) (defining offense as
“knowingly or intentionally” possessing child pornography).

            Kingrey found approximately
180 images of child pornography at various locations in the hard drive.  The
images corresponding to Counts 1 and 2 were found in the “My Videos” folder for
the Owner account in the thumbs.db file.  The images corresponding to Counts 4,
6, 9 and 10 were found in the Topspeed.cache.db file.  The images corresponding
to Counts 2, 3, 4, 5, 7 and 8 were found in free space on the drive.[1] 
Kingrey testified that each of these images had been accessed by a user of the
computer and modified, saved or “deleted.”[2] 
He also testified that these images were presently at locations on the hard
drive which most people would be unaware existed and would be unable to access.

            Viewing the evidence in the
light most favorable to the verdict, Kingrey testified that each of the ten
images which formed the basis of the State’s prosecution had been viewed by
someone on the computer and modified or deleted.  Based on the account
ownership and Anders’s personal and exclusive access to the computer and the
internet in particular, a rational trier of fact could have found beyond a
reasonable doubt that Anders is the one who viewed these unlawful images.  In
addition, although the images could not have been accessed by “most people” at
the time of trial, a rational trier of fact could have found based on Kingrey’s
testimony that the images had been viewed by Anders but later modified or
deleted so that they were no longer accessible to the average computer user.

            Thus, we conclude that the
evidence is legally sufficient to prove Anders knowingly possessed the
unlawful images.  See Gant v. State, 278 S.W.3d 836, 839-42 (Tex.
App.—Houston [14th Dist.] 2009, no pet.).

We overrule Anders’s first issue and
affirm the judgment.

 

FELIPE REYNA

Justice

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Affirmed

Opinion
delivered and filed November 24, 2010

Do not publish

[CRPM]









[1]
              Copies of the images
corresponding to Counts 2 and 4 were found both in the files mentioned and in
free space on the hard drive.

 





[2]
              Kingrey explained
that when a computer file is “deleted,” the file moves to space that is not
allocated to an active file on the hard drive.  See Lancaster v.
State, 319 S.W.3d 168, 173 n.5 (Tex. App.—Waco 2010, pet. ref’d).