**Affirmed and Opinion Filed April 24, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-14-00194-CR**

**SERGIO GUERRERO, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. F-1162493-L**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Whitehill

Sergio Guerrero was convicted of possessing a controlled substance, namely cocaine, in an amount less than one gram. The trial court sentenced Guerrero to two years' confinement, suspended the sentence, and placed him on two years' community supervision. In a single issue on appeal, Guerrero asserts the evidence was insufficient to establish that he exercised actual care, custody, management or control of the cocaine. Concluding Guerrero's argument is without merit, we affirm the trial court's judgment.

### BACKGROUND

Officers Grahm Quattlebaum and Laura Roberson pulled Guerrero over when he failed to stop as he exited a bar parking lot and then failed to signal a lane change. Guerrero was arrested

for the traffic violations and for not having a driver's license. Guerrero was the car's only occupant at the time.

Following the arrest, Quattlebaum conducted an inventory search of the car and found a clear baggie containing a white substance that was later confirmed as cocaine. Guerrero moved prior to trial to suppress this evidence. The trial court conducted a hearing on the motion to suppress and denied the motion. Guerrero pled not guilty to the state jail felony offense of possession of a controlled substance, namely cocaine, in an amount weighing less than one gram. and waived a jury trial. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010). At trial, the court recognized Guerrero's agreement to stipulate to evidence, including the testimony at the hearing on the motion to suppress and the lab report regarding the cocaine. The court found Guerrero guilty and assessed punishment at two years' confinement in a state jail, suspended the sentence, and placed him on community supervision. Guerrero timely perfected this appeal.

**ANALYSIS**

*Was the Evidence Sufficient to Establish Knowing or Intentional Possession?*

In a single issue, Guerrero contends the evidence was insufficient to show that he knowingly or intentionally possessed the cocaine. We review a challenge to the sufficiency of the evidence of a criminal offense under the *Jackson v. Virginia* standard. *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979)). We examine all the evidence in the light most favorable to the verdict and determine whether a rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Id*. We defer to the fact finder's credibility and weight determinations because the fact finder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *See Winfrey v. State,* 393 S.W.3d 763, 768 (Tex. Crim. App. 2013). The fact finder can choose to

believe all, some, or none of the testimony presented by the parties. *Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State,* 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). Evidence is sufficient if "the inferences necessary to establish guilt are reasonable based upon the cumulative force of all the evidence when considered in the light most favorable to the verdict." *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

As per the indictment, the State had to prove that Guerrero knowingly or intentionally possessed a controlled substance in an amount less than one gram. To prove possession, the State was required to show that Guerrero exercised control, management, or care over the substance and that he knew the matter possessed was contraband. *See Poindexter v. State,* 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *Nixon v. State*, 928 S.W.2d 212, 215 (Tex. App.—Beaumont 1996, no pet.); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (defining possession as actual care, custody, control, or management).

At approximately 10:30-10:45 p.m., Guerrero pulled out of the parking lot for the La Estrella club on Harry Hines Boulevard in Dallas without stopping before he entered the street and caused another driver to slam on the brakes. Guerrero then failed to yield the right of way and changed lanes without signaling his intent to do so. Officer Robeson initiated a traffic stop, and subsequently discovered that Guerrero did not have a Texas driver's license. Guerrero was arrested.

Officer Quattlebaum was on patrol with Robeson that night and conducted a post-arrest inventory search of Guerrero's vehicle. While performing the inventory search, Quattlebaum found what he believed to be cocaine "in a little coin pocket" or area not big enough to put a key in where "you could stack coins." The compartment was to the left of the steering wheel.

–3–

Quattlebaum found the cocaine by simply shining his flashlight without having to feel inside the compartment. Lab reports testing the substance he found showed the white substance to be .39 grams of cocaine.

The officers were in the area because they had received multiple complaints about cocaine being sold at the bar where Guerrero exited the parking lot and there had been "about five" arrests for possession of cocaine.

Deborah testified that the car Guerrero was driving did not belong to him or his wife, Deborah. Rather, it belonged to his brother's neighbor. Guerrero and Deborah had been test driving the car for about a week to decide if they wanted to buy it. Deborah described the car as "an old beat up car . . . full of junk and clothes from [the neighbor's] family and children." Deborah denied knowing about the cocaine in the car, and she denied ever knowing her husband to have anything to do with drugs. She also denied ever opening the compartment where the cocaine was found.

Guerrero testified that he had never looked in the compartment where the cocaine was found and did not know there was cocaine in the car. He also said that he did not go to the bar that night to purchase cocaine, rather, he was looking for his brother. He was at the bar for about thirty minutes. Guerrero said he had been driving the car that belonged to his brother's neighbor for about a week. He did not know the neighbor's name, and he had not agreed to a purchase price for the car. After he was arrested, he went "back to see the guy," and "he wasn't there anymore." Guerrero had his phone number, but when he called the owner "he would not respond to the calls."

Deborah testified that when the car was impounded after Guerrero's arrest, they were required to "sign a paper" and they were allowed to get the car despite having no proof of ownership. Months later, because they could never find the owner, they bonded the title to the

–4–

car so they could keep it. When they cleaned out the car, they found toys, clothing, coke cans, spoons, and junk.

Guerrero argues that he did not exclusively possess the car and there are no additional factors linking him to the cocaine. Mere presence at a location where drugs are found is insufficient, by itself, to establish possession. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). Further, when the accused is not in exclusive possession of the place where the substance is found, it cannot be concluded that the accused had knowledge of and control over the contraband unless there are additional independent facts and circumstances which affirmatively link the accused to the contraband. *Poindexter*, 153 S.W.3d at 406.

A nonexclusive list of factors that can be sufficient, either alone or in combination, to establish possession of contraband include: (1) presence when a search is conducted, (2) whether the contraband was in plain view, (3) proximity to and the accessibility of the contraband, (4) the accused being under the influence of narcotics when arrested, (5) possession of other contraband or narcotics when arrested, (6) incriminating statements made by the accused when arrested, (7) an attempt to flee, (8) furtive gestures, (9) an odor of contraband, (10) the presence of other contraband or drug paraphernalia, (11) whether the accused owned or had the right to possess the place where the drugs were found, (12) whether the place where the drugs were found was enclosed, (13) possession of a large amount of cash, (14) conduct of the accused indicating a consciousness of guilt, (15) the quantity of the contraband, and (16) the accused's presence in a suspicious area under suspicious circumstances. *Evans*, 202 S.W.3d at 162 n.12; *Wright v. State*, 401 S.W.3d 813, 818–19 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd). Guerrero relies on the absence of many of these factors to argue he was not sufficiently linked to the cocaine.

But the factors listed above are simply some factors that may circumstantially establish the sufficiency of the evidence to prove knowing possession. *See Evans*, 202 S.W.3d at 162 n.12.

No set formula of facts exists to dictate a finding of links sufficient to support an inference of knowing possession. *Taylor v. State*, 106 S.W.3d 827, 831 (Tex. App.—Dallas 2003, no pet.). The number of linking factors present is not as important as the logical force they create to prove the crime was committed. *Evans*, 202 S.W.3d at 162; *Taylor*, 106 S.W.3d at 831.

The logical force of the factors present here are sufficient to establish knowing possession. Guerrero did not own the car, but he had been driving it for about a week when he was stopped. When he was stopped, he was the car's sole occupant and was leaving the parking lot of a bar where the police had previous complaints regarding cocaine sales. Cocaine was found in the vehicle. The compartment where the cocaine was found was located to the left of the steering wheel, presumably within easy reach of the driver, and the cocaine was visible when the officer shined his flashlight on the area. Although the title of the car was not in their name, Guerrero and his wife retrieved the car from the impound lot a few days after his arrest. Then, they arranged for a bonded title so that they could legally obtain title to the car, and cleaned it. The fact finder could reasonably conclude that these facts were consistent with prior ownership even if title had not yet been formally transferred.

Viewing the evidence in the light most favorable to the verdict, we conclude a rational trier of fact could have concluded that Guerrero knowingly possessed the cocaine. The evidence is sufficient to support the conviction. *See Carroll v. State*, 266 S.W.3d 1, 3 (Tex. App.—Waco 2008, pet. ref'd) (evidence sufficient when, among other things, defendant was sole occupant of car and driving in an area associated with narcotic sales).

We resolve Guerrero's sole issue against him and affirm the trial court's judgment.

Do Not Publish
TEX. R. APP. P. 47
140194F.U05

/Bill Whitehill/
BILL WHITEHILL
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

SERGIO GUERRERO, Appellant

No. 05-14-00194-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 5, Dallas County, Texas

Trial Court Cause No. F-1162493-L.

Opinion delivered by Justice Whitehill.

Justices Francis and Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered April 24, 2015.